FILED

June 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9612-CC-00505 |
| | ) | |
| Appellee | ) | |
| | ) | WILLIAMSON COUNTY |
| V. | ) | |
| | ) | HON. DONALD P. HARRIS, |
| JOSEPH W. EZELL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

John H. Henderson
District Public Defender

Larry D. Drolsum
Assistant Public Defender
407-C Main Street
Franklin, TN 37065

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493


Joseph D. Baugh, Jr.
District Attorney General

Jeffrey P. Burks
Assistant District Attorney
Williamson County Courthouse
Suite G-6
Franklin, TN 37065


OPINION FILED: _____


AFFIRMED


William M. Barker, Judge

**OPINION**

The appellant, Joseph W. Ezell, appeals as of right the sentences he received in the Williamson County Circuit Court. Appellant was given an effective sentence of thirty (30) years as a Range II offender for his guilty pleas to numerous theft and burglary offenses. On appeal, he challenges both the length of his sentences and the order of consecutive sentences. After a review of the record, we affirm the judgment of the trial court.

During August and September of 1995, appellant broke into a number of residences in Williamson County and stole personal property from the owners. As a result of that and other criminal activity, he was indicted for six (6) counts of aggravated burglary; five (5) counts of felony theft; three (3) counts of misdemeanor theft; three (3) counts of forgery; and one (1) count of evading arrest.[1] Appellant entered guilty pleas to a number of the indicted offenses with no agreement as to the sentences he would receive.

At a subsequent sentencing hearing, the trial court applied certain enhancement factors and ordered the following sentences: (1) eleven months and twenty nine days for three counts of misdemeanor theft; (2) four years for counts two, three, and four of forgery; (3) eleven months and twenty nine days for count five of evading arrest; (4) ten years for six counts of aggravated burglary; and (5) eight years for four counts of theft over one thousand ($1,000) dollars. Count five of evading arrest was ordered to be served consecutively to count one of misdemeanor theft and count two of forgery. Three counts of aggravated burglary, each carrying a ten (10) year sentence, were ordered to be served consecutively to each other, with one count

---

[1]There were additional counts included in the indictments, but they were considered alternative counts. Upon the entry of appellant's guilty pleas, those were *nolle prosequi*.

also running consecutively to appellant's probation revocation.[2] The remaining sentences were ordered to run concurrently.

When a defendant challenges the length, range, or manner of service of a sentence, we must conduct a *de novo* review of the record. Tenn. Code Ann. §40-35-401(d) (1990). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party carries the burden of showing that the sentence is improper. Tenn. Code Ann. §40-35-401 (Sentencing Commission Comments). The presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because the trial court in this case carefully considered the principles of sentencing, we accord its judgment the presumption of correctness.

Appellant first alleges that the trial court erred in ordering the maximum sentence for each offense. He contests both the application of enhancement factors and the trial court's failure to consider any mitigating factors. We find no error in the length of appellant's sentences.

In enhancing the sentences for appellant's felony convictions, the trial court applied four enhancement factors: (1) appellant's previous history of criminal convictions; (8) appellant's previous history of unwillingness to comply with the terms of a sentence involving release into the community; (13) appellant was on probation for a prior felony at the time the instant offenses were committed; and (20) the appellant was adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult.[3] Tenn. Code Ann. §40-35-114 (Supp.

---

[2]Appellant was on probation when the instant offenses were committed. The trial court revoked his probation and reinstated the original four (4) year sentence.

[3]This enhancement factor was added to the statute in 1995 and applies to the sentencing of any defendant committing an offense on or after July 1, 1995. Because appellant committed the instant offenses in August and September of 1995, it was proper for the trial court to consider that factor.

1995).  Finding no mitigating factors, the trial court sentenced appellant to the maximum sentence in the range for each offense.

Although appellant attacks the trial court's application of the enhancement factors, he fails to specifically explain why they were applied erroneously.  Contrary to his claims, our review reveals that the enhancers were properly applied.  The record reflects that appellant's adult criminal record contains ten (10) prior felony convictions and two (2) misdemeanor convictions.[4]  His juvenile record is replete with violations beginning at age twelve (12).  While many of those violations were for truancy and unruliness, appellant began committing thefts at the age of fifteen (15).  As a juvenile, he was adjudicated delinquent for the theft of an automobile.  Such adjudication would have constituted a felony if committed by an adult.  Based upon appellant's record, the trial court correctly applied all four enhancement factors.

Appellant's arguments primarily relate to the trial court's failure to consider mitigating factors.  He argues that the trial court should have considered his youthfulness at the time he committed the earlier offenses and that his conduct neither caused nor threatened serious bodily injury.  Tenn. Code Ann. §40-35-113(1), (6) (1990).  Appellant was twenty-one (21) years of age at the time of sentencing.  In light of the sheer number of offenses that appellant amassed at a very young age, and in such a short period of time, we conclude that appellant's age is of little mitigating value.  We acknowledge that appellant's conduct did not threaten or cause serious bodily injury.  However, any mitigation to which appellant was entitled in that regard was severely undercut by the substantial weight the trial court accorded the enhancement factors.

---

[4]With the exception of one felony, appellant entered guilty pleas to all those offenses on November 14, 1994 in Williamson County.  He received a four (4) year sentence, suspended after the service of 280 days, and then placed on supervised probation for six (6) years.  Appellant served the 280 days, was released, and committed the instant offenses within four (4) months.  As a result, appellant's probation was revoked and he was ordered to serve the original four (4) year sentence.  The effective thirty (30) year sentence resulting from the instant cases was ordered to run consecutively to that four (4) year sentence.  See note 2.

The weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Boggs, 932 S.W.2d 467, 475-76 (Tenn. Crim. App.), perm. app. denied (Tenn. 1996); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995), perm. app. denied (Tenn. 1996); State v. Shelton, 854 S.W.2d 116, 123, (Tenn. Crim. App. 1992). The enhancement factors in appellant's case were supported by the record and were entitled to great weight.

Appellant also argues that the trial court should have considered that he assisted authorities in locating or recovering property, that he was remorseful, that he confessed, and that he has good potential for rehabilitation. See Tenn. Code Ann. §40-35-113(10), (13) (1990). However, none of those mitigating factors are supported by the factual record before us. There was no proof that appellant assisted authorities or that he made confessions to law enforcement. In reviewing appellant's testimony at sentencing, we detect little, if any, remorse.

Moreover, we believe appellant's potential for rehabilitation was poor. When asked if he would commit any other offenses when released, he said that he hoped he would not, but he could not be sure. He further stated that every time he is released, he promises not to offend again, but always does. The trial court did not err in declining to mitigate appellant's sentences.

Appellant also contests the trial court's order that certain sentences be served consecutively to one another.[5] He argues that his classification as a "professional criminal" and the designation of his criminal record as extensive were in error. See Tenn. Code Ann. §40-35-115(1), (2) (1990). We disagree.

---

[5]Consecutive sentencing was mandatory for a number of appellant's sentences because he was on bail when the offenses were committed. Tenn. R. Crim. P. 32(c)(3)(C). See also Tenn. Code Ann. §40-20-111(b) (1990). The trial court considered and apparently followed that rule when sentencing the appellant. However, in order for the judgments to reflect compliance with Rule 32, in Indictment Numbers I-1095-293, I-296-55, I-296-56, and I-296-57, the forms should state that those sentences, although concurrent with one another, are consecutive to the sentences for appellant's pre-bail offenses, No. I-1195-316. Because those sentences are concurrent with one another, the modification in no way alters the length of appellant's effective sentence. See State v. Billy Ray Smithson, No. 01C01-9507-CC-00229 (Tenn. Crim. App. at Nashville, August 1, 1996); State v. Kevin Foster, No. 03C01-9510-CC-00337 (Tenn. Crim. App. at Knoxville, June 27, 1996).

In order to direct sentences to be served consecutively because the defendant is a professional criminal, it must be shown that he has knowingly devoted himself to criminal acts as a major source of livelihood. Tenn. Code Ann. §40-35-115(1) (1990). Proof at the sentencing hearing demonstrated that appellant had a poor employment record, having been unable to hold any position for more than a few months. He stated at the sentencing hearing that he quit or abandoned the jobs he had in the past. He also said that the jobs he could perform did not pay well and that stealing was the fastest way to make money.

In the presentence report, appellant declined to list any previous employment, commenting instead, "Hell, if I worked, I wouldn't be out stealing from people." He also told the presentence officer that he was "too lazy to work." During his testimony at the sentencing hearing, appellant indicated that he was not working when some of the offenses were committed and that they were his primary source of income. Considering that evidence, the trial court was justified in finding that appellant's criminal acts were a major source of his livelihood.

Although only one statutory factor is necessary to order consecutive sentencing, the trial court also found that appellant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. §40-35-115(2) (1990). In only three (3) years as an adult, appellant has amassed a lengthy criminal record, now consisting of twenty-nine (29) offenses, only six (6) of which are misdemeanors. His criminal record speaks for itself.

Our review demonstrates that the maximum sentence for each offense was readily supported by the record in this case. Furthermore, the trial court's order of consecutive sentencing for certain offenses was in conformity with the principles of the 1989 Sentencing Act and supported by the factual record. We affirm the judgment of the trial court.

_____
William M. Barker, Judge

CONCUR:

___(Not Participating)\*\*\*\*\*\*___
Joe B. Jones, Presiding Judge

_____
Joe G. Riley, Judge

---

\*\*\*\*\*\*Judge Jones died on May 1, 1998, following a distinguished career as a trial attorney and as a respected member of this Court since his appointment in November, 1986.  He will be greatly missed.

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9612-CC-00505 |
| | ) | |
| Appellee | ) | |
| | ) | WILLIAMSON COUNTY |
| V. | ) | |
| | ) | HON. DONALD P. HARRIS, |
| JOSEPH W. EZELL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | **AFFIRMED** |
| | ) | |

JUDGMENT

Came the appellant, Joseph W. Ezell, by and through counsel, and also came the Attorney General on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Williamson County; and in consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

In accordance with the opinion filed herein, it is, therefore, ordered, and adjudged by this Court that the judgment of the trial court is affirmed, and the case is remanded to the Circuit Court of Williamson County for the execution of the judgment of that court and for the collection of the costs accrued below.

It appearing that the appellant is indigent, the costs of this appeal will be paid by the State of Tennessee.

William M. Barker, Judge
Joe G. Riley, Judge